UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SA CV 20-0261 DDP (KS)                           Date: January 29, 2024

Title   *Ira A. Stringer Jr. v. The County of Orange et al.*

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On February 10, 2020, Plaintiff, a California inmate then housed at Mule Creek State Prison, and proceeding *pro se* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). (Dkt. No. 1.) After the Court dismissed the Complaint with leave to amend at the screening stage, Plaintiff filed a First Amended Complaint ("FAC") on July 6, 2020. (Dkt. Nos. 5, 13.) On September 29, 2020, the named Defendants filed a motion to dismiss the FAC, and after receiving briefing, the Court granted the motion in part, dismissing several claims with leave to amend. (Dkt. Nos. 24, 43.) On June 14, 2021, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 52.) Plaintiff's allegations in the SAC arose out of injuries Plaintiff allegedly suffered while in the custody of the Orange County Sheriff's Department. (*Id.*)

On July 1, 2021, the named Defendants filed a motion to dismiss the SAC. (Dkt. No. 55.) On March 3, 2022, the Magistrate Judge issued a Report and Recommendation finding that all but two of the claims in the SAC were subject to dismissal. (Dkt. No. 76.) The District Judge subsequently accepted the findings in the Report, granted the motion to dismiss, and dismissed all but two claims against Defendants County of Orange and Brian Haney, a corrections officer. (Dkt. No. 105.)

On November 7, 2023, Defendants filed the pending Motion to Dismiss Defendant Haney from the case due to his death ("Motion"). (Dkt. No. 101.) On November 8, 2023, the Court vacated the noticed hearing on the Motion and directed Plaintiff to file and serve an opposition to the Motion no later than December 8, 2023. (Dkt. No. 102.) On December 11, 2023, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-261 DDP (KS)                                                    Date: January 29, 2024

Title       <u>Ira A. Stringer Jr. v. The County of Orange et al.</u>

moved for an extension of time to file an opposition, and the Court extended the deadline to January 15, 2024. (Dkt. Nos. 103, 104.)

Two weeks have now passed since Plaintiff's deadline to file an opposition. Plaintiff has neither filed a response to the Motion nor requested an extension of time to do so.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Thus, the Court could properly recommend dismissal of the action for Plaintiff's failure to comply with the Court's Order setting the briefing schedule on the Motion, as well as its order extending the deadline to January 15, 2024. Additionally, Local Rule 7-12 provides, in pertinent part, that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of [a] motion, . . . ." Consequently, the Court could also properly recommend that the Motion be granted based upon Plaintiff's failure to file an opposition by the Court-ordered deadline. *Id.*

However, in the interest of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before February 28, 2024**, why the Court should not recommend that the action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure and/or the Motion be granted under Local Rule 7-12. Plaintiff's response to this Order to Show Cause must include <u>either</u>: (1) a request for an extension of time to file an opposition accompanied by a sworn declaration **that establishes good cause** for both Plaintiff's failure to timely respond to the Motion and his need for additional time; *or* (2) a complete opposition that fully complies with the Local Rules and the Federal Rules of Civil Procedure.

<u>Alternatively</u>, if Plaintiff concludes he is currently unable to comply with the deadlines necessary for prosecuting this action, Plaintiff may discharge this Order and dismiss this case without prejudice by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

\\

\\

\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 20-261 DDP (KS)                                                    Date: January 29, 2024

Title   *Ira A. Stringer Jr. v. The County of Orange et al.*

    **Plaintiff is expressly cautioned that his failure to respond to this Order WILL result in a recommendation of dismissal based on Rule 41 of the Federal Rules of Civil Procedure and/or that the Motion be granted under Local Rule 7-12.**

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |